DAVIS *v*. STATE, *ex rel.*

(*Jackson*. May 19, 1900.)

JUSTICE OF THE PEACE. *Preliminary examination of offenders.*

Under Acts 1899, Ch. 16, it is the duty of a Justice of the Peace, before whom an offender is brought, upon a bailable charge, during the session of the Court and grand jury of his county, simply to bind him over to the Court, without trial or hearing of evidence, for investigation before the grand jury. And the grand jury is in legal contemplation in session, within the meaning of this Act, from the time it is impaneled until its discharge, although it may not hold sessions continuously, or from day to day, but only from time to time, as business demands. The Justice of the Peace cannot, when the grand jury is thus in session, lawfully try any criminal case, except upon plea of guilty or to ascertain if a charge, capital in form, is bailable.

Act construed: Acts 1899, Ch. 16.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

Attorney-general PICKLE and JOHN T. Moss for Davis.

GEO. B. PETERS for Relator.

WILKES, J. This is an application for mandamus to compel F. W. Davis, Justice of the

Peace for Shelby County, to give petitioner an immediate trial upon two warrants charging him with the two separate offenses of larceny and embezzlement, for which he had been arrested and confined in jail.

The prayer of the petitioner is "to give him an immediate trial and hearing on the charges contained in the warrant."

It appears that petitioner was arrested on the 13th of March, 1900, upon these warrants, issued by Davis, Justice of the Peace, and they were returned and trial set for March 15, 1900, before the same Justice, and the petition states that relator was then, and has ever since been, ready for trial; declares that he is innocent of the charges, and that the Justice of the Peace has declined, and now refuses, to give him a trial upon the warrants, on the ground that he cannot at any time, while the Criminal Court of Shelby County is in session, hear and pass upon the case of any person charged with crime, but that such person can only be taken before the grand jury without a preliminary investigation.

It is alleged that the grand jury met three days after relator's arrest, but took no action in his case, and would not meet again till the 26th of March, thirteen days after the arrest, and he does not know whether the jury will then consider the charges against him or not. The pe-

tition was filed on March 17, or four days after the arrest.

In answer to the writ of mandamus, the Justice of the Peace replied that he has declined, and now refuses, to try the relator on the warrants aforesaid because the Criminal Court of Shelby County is now in session, and he is advised from an opinion of the Attorney-general of the State that, under a proper construction of the Act of 1899, Ch. 16, he has no right or authority to try any criminal case or charge while the Criminal Court is in session.

He further answers that the grand jury was not, at the time of answer, made March 7, 1900, actually in session, and would not be until Tuesday, the 26th, but that the Criminal Court is in session, but under the Attorney-general's opinion the grand jury must be held also to be in session, and that the defendant has no power during the session or term of the Court to try any criminal case.

The trial Judge was of opinion the Act of the General Assembly on the subject does not prevent or prohibit a Justice of the Peace from trying or investigating a criminal charge when the Court is in session but the grand jury is not in actual session; and that as the grand Jury was not in actual session on the day of the hearing, March 17, 1900, the relator was entitled to have the cases tried by the Justice

of the Peace, to the end that he might determine whether or not the relator should be discharged from custody, and mandamus was ordered to issue. The Justice of the Peace appealed.

The Act in controversy is Ch. 16, Acts of 1899, passed February 24, 1899, and is entitled, "An Act to prohibit Justices of the Peace from trying criminal and misdemeanor cases, except when the defendant pleads guilty, while the grand jury of his county is in session, and to provide for an investigation of such charges at once by said grand jury."

The first section of the Act is, in substance, that, after its passage, whenever any person is brought before a Justice of the Peace of this State upon a warrant for any criminal offense or misdemeanor, if the grand jury of the county where the offense is charged to have been committed is in session, the said Justice of the Peace shall not try the case, unless the defendant pleads guilty, but shall, if the offense charged is bailable, take bond of the defendant in such sum as now prescribed by law for the offense charged, for his appearance before the Court in charge of or impaneling said grand jury, from day to day, pending an investigation of said offense by said grand jury. If the case is not bailable, or if the defendant fails to give the bond required, he shall be committed to jail pending the investigation, the warrant and the bond, if

any be given, to be at once transmitted to said Court.

The second section provides that the grand jury shall thereupon proceed to make an investigation as to the offense charged, to the end that they may return an indictment or presentment, as required and prescribed by law. In an indictment is found, the defendant shall be proceeded against as now required by law, and if none be found, he shall be discharged.

The grand jury shall, immediately upon receipt of the papers in the case, proceed to the investigation; and such cases shall have preference in the order presented over all other cases to be investigated by the grand jury.

Section 3 provides that, if defendant pleads guilty, the proceedings in the case shall be the same as now prescribed by law.

Section 5 provides "that no Justice shall try any criminal or misdemeanor case while the grand jury of his county is in session, except as before stated; but that the act shall not affect or change the proceedings in criminal or misdemeanor cases whenever the grand jury of his county is not in session; nor shall the Act be so construed as to prevent the Justice of the Peace from determining whether the defendant is entitled to bail, and whenever the warrant charges the defendant with the commission of a capital offense, the Jus-

tice shall hear proof and determine whether the defendant is entitled to bail or not."

We are of opinion that the object and purpose of the law is to provide that, while the Criminal Court is in session and a grand jury is impaneled and authorized to act (which they can do at any time until they are discharged), it is the duty of the Justice of the Peace, in bailable cases, to bind over persons accused of crime and arrested therefor to the Court in charge of or impaneling the jury, from day to day, pending an investigation of the offense by said grand jury. When the Court is not in session, and there is no grand jury impaneled, then the Justice shall hear the evidence and try the case and bind over the accused or not, as he may find the facts to justify. In other words, while the Court is in session and a grand jury is impaneled and authorized to act, whether in continuous and daily sessions or not, Justices shall bind persons accused over to the Court without a preliminary investigation; but if the Court is not in session, or there is no grand jury authorized and impaneled to act, then the Justice shall go into a preliminary investigation of the facts, and bind or not, as occasion requires. But it is not necessary that the grand jury shall sit continuously, or day after day, but their sessions may be so timed as the business before them demands.

In the present case the defendant clearly had a

right to be bound over to the Court to await the action of the grand jury or to be discharged, but he did not have the right, while the Court was in session and a grand jury was impaneled and authorized to act, to require the Justice to hear the evidence in the case or try him, as it is expressed in the Act.

We are of opinion there is error in the action of the Court below, and the judgment of the Court is reversed and suit dismissed at the cost of petitioner.