**Otis SUTTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7849.**

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1959.

Decided May 21, 1959.

Ann E. Calevas and Samuel Goldblatt, Norfolk, Va., for appellant.

W. F. Powers, Jr., Asst. U. S. Atty., Norfolk, Va. (John M. Hollis, U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and THOMPSON, District Judges.

SOBELOFF, Chief Judge.

Convicted under an indictment charging in four counts the operation of an illicit still and related offenses, Otis Sutton on this appeal raises two points. The first is that the arresting officers detained him for an unreasonable length of time before taking him to the United States Commissioner, in violation of Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. See Title 18, Sec. 3771. The second ground of appeal relates to the Court's instruction to the jury.

Sutton was arrested about 10:30 in the morning, was handcuffed and detained in a chicken house, at the site of the still, until about 7:30 that evening when he was placed in jail, the United States Commissioner being then unavailable. At 10:00 o'clock on the following day Sutton was taken before the Commissioner. The appellant does not claim that he was interrogated during detention or that he was induced by any means to confess or make damaging admissions. In fact, he denied his guilt. He insists, however, that the violation of Rule 5(a) was so gross and callous that, in the spirit, if not according to the express holding, of McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 and later Supreme Court cases, all the evidence against him should have been suppressed—even that obtained by the Government's witnesses from their observation of his activities at the still which in no way depended upon, or was affected by, his unlawful detention.

This court is not disposed to give a narrow application to the rule laid down by the Supreme Court in the McNabb case and in Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed. 2d 1479 and Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L. Ed. 100, but we think that the circumstances do not call for the application of the rule here. It is true that a confession obtained during illegal detention would be inadmissible, but the Supreme Court has not gone so far as to require the suppression of evidence which in no way resulted from the violation of Rule 5(a).

■ While we consider the agents' conduct in this case extremely reprehensible, meriting disciplinary action, the sanction which the law imposes to discourage such conduct is not to clothe the traverser with total immunity, by suppressing evidence against him obtained by methods legally irreproachable, as well as that derived by illegal means. It is one thing to say that officers shall gain no advantage from violating the individual's rights; it is quite another to declare that such a violation shall put him beyond the law's reach even if his guilt can be proved by evidence that has been obtained lawfully.

■ As the Supreme Court pointed out in United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 898, 88 L.Ed. 1140, and reaffirmed in the later cases,

the rule is intended to prevent the "use by the Government of the fruits of wrongdoing by its officers." When the illegality of the detention does not result in evidence which could be used against the defendant, the rule has no application.

The Mitchell case illustrates the point perfectly. There the defendant was held eight days before he was brought before the Commissioner for arraignment, but the confession had been made promptly and spontaneously a few minutes after his arrival at the police station. It was held that the long illegal detention did not retroactively affect the prior confession, which was admitted in evidence. *A fortiori*, in the instant case, where there has been no confession at anytime and no fruit, direct or indirect, from the violation of the defendant's rights, other disciplinary measures against the officers may be in order, but lawfully obtained evidence is not interdicted.

■ Moreover, as the rule of exclusion is not a constitutional requirement, but was adopted by the Supreme Court in the exercise of its supervisory power over the federal judicial system, it is not within the province of an inferior court, even if it deemed it desirable, to extend the rule's operation beyond the areas in which it has been applied by the Supreme Court. See McNabb v. United States, supra.

The second point urged in argument by the appellant is that the District Court refused to give the following instruction:

"The Court further instructs the jury that if you believe from the evidence that another person or other persons than the defendant had an equal opportunity to commit the offenses charged and you entertain a reasonable doubt as to which of them were guilty, you shall acquit the defendant."

■

Government agents testified that they saw the defendant with a paddle or shovel in hand, in the chicken house, in the very act of stirring mash in a container, and that when he discovered that he was being observed he crouched down behind some barrels. The still was in the same building and was in actual operation at the time. The defendant's version was that he was present merely to raze the chicken house, to salvage materials for use in constructing an addition to a nearby dwelling.

The agents remained on the premises, awaiting the arrival of persons whom they suspected of complicity in the illegal venture. Late in the afternoon two men appeared, were taken into custody, lodged in jail and charged along with the defendant. The Commissioner released one and the Grand Jury failed to indict the other.

■ We do not think that the judge's failure to charge as requested constituted error or could have prejudiced the defendant. This is not a situation in which the only alternatives were the guilt of this defendant or of others. It would have been possible for the jury to conclude that only the defendant was guilty or that others were also guilty; the guilt of another person, not on trial, would not rule out the defendant's guilt. The judge did, however, in his charge cover the substance of the requested instruction insofar as the defendant was entitled to have the jury told that the burden was on the Government to prove to the jury's satisfaction beyond a reasonable doubt that the defendant was either guilty as principal or that he aided and abetted others in the commission of the crimes charged.

The respective versions of the facts, as presented by the witnesses for the Government and the defendant, were fairly submitted to the jury. We find no error.

Affirmed.