UNITED STATES of America,
Plaintiff-Appellee,

v.

William Thomas SHIELDS, Defendant-Appellant,

No. 14414.

United States Court of Appeals
Sixth Circuit.

June 30, 1961.

Edward Sawyer (appointed by court), Cincinnati, Ohio (William Thomas Shields, in pro. per., United States Penitentiary, Leavenworth, Kan., on the brief), for appellant.

John W. Morgan, Asst. U. S. Atty., Lexington, Ky. (Jean L. Auxier, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant, William Thomas Shields, being represented by a court-appointed attorney, was tried by jury and found guilty under two counts of an indictment charging (1) forgery of a United States Treasury check in the amount of $2,088.59, and (2) uttering and publishing as true said forged check, in violation of Section 495 and Section 2, Title 18 U.S. Code. On September 16, 1959, he was sentenced to five years imprisonment on each count, to be served consecutively. No appeal was taken.

On June 6, 1960, the District Judge received a letter from appellant, who was serving the sentences at the United States Penitentiary at Leavenworth, Kansas, which the District Judge ordered to be filed and treated as appellant's motion for relief under Section 2255, Title 28 U.S.Code. Appellant contended that his sentences should be vacated because he was held more than three months in the county jail without having a preliminary hearing or an arraignment, that he was given no opportunity to subpoena witnesses in his behalf, that he did not

receive effective assistance of counsel, and that the Government failed to sustain the burden of proof necessary to prove the alleged offenses.

On June 20, 1960, the Government moved that the motion for relief be denied. Both appellant and appellee filed written arguments in support of their respective motions. On November 2, 1960, the District Judge entered an order which stated that the files and records in the case conclusively showed that the appellant was entitled to no relief, and denied appellant's motion to vacate the sentences. This appeal followed.

■ A Section 2255 proceeding cannot be used as a substitute for an appeal. Davilman v. United States, 6 Cir., 180 F.2d 284; Hudspeth v. United States, 6 Cir., 183 F.2d 68, 69. The sufficiency of the evidence to prove the alleged offenses will not be reviewed in such a proceeding. Dunn v. United States, 6 Cir., 250 F.2d 548, certiorari denied, 356 U.S. 942, 78 S.Ct. 786, 2 L.Ed.2d 816, rehearing denied, 356 U.S. 970, 78 S.Ct. 1009, 2 L.Ed. 2d 1075.

■■ Appellant was arrested under an indictment. It was not necessary that he have a preliminary hearing for the purpose of holding him to the Grand Jury. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501; Barrett v. United States, 8 Cir., 270 F.2d 772, 775–776.

Illegal arrest, illegal detention, and delay in bringing a defendant to trial are not questions which can be raised in a Section 2255 proceeding. Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729, 730; United States v. Williams, 7 Cir., 212 F.2d 786; Sutton v. United States, 4 Cir., 267 F.2d 271; Rule 48(b), Rules of Criminal Procedure, 18 U.S.C.; United States v. Lustman, 2 Cir., 258 F.2d 475, 478, certiorari denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109.

■ The right of appellant as an indigent defendant to have witnesses subpoenaed by the Court is governed by Rule 17(b), Rules of Criminal Procedure.

The record fails to show that the appellant complied with the provisions of this rule. A denial of a request that witnesses be subpoenaed is reviewable on appeal for abuse of discretion only. Reid v. Charney, 6 Cir., 235 F.2d 47. It cannot be raised in a Section 2255 proceeding. Goss v. United States, 6 Cir., 179 F.2d 706; Carvell v. United States, 4 Cir., 173 F.2d 348.

■ We are of the opinion that there is no merit in appellant's contention that he was denied the effective assistance of counsel. O'Malley v. United States, 6 Cir., 285 F.2d 733, 734; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; Johnson v. United States, 6 Cir., 239 F.2d 698, certiorari denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; Burgett v. United States, 8 Cir., 237 F.2d 247, certiorari denied, 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed.2d 599.

The judgment is affirmed.