James C. DILLARD, Petitioner-Appellant,

v.

Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 15922.

United States Court of Appeals
Sixth Circuit.

March 24, 1965.

James C. Dillard, in pro. per.

Ronald Jay Goodman (Court Appointed), Cincinnati, Ohio, for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., Nashville, Tenn., on brief, for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Petitioner-appellant, James C. Dillard, was arrested by the Knoxville, Tennessee, police on March 22 and 24, 1960, for the crime of burglary under three state warrants issued out of the Court of General Sessions of Knox County, Tennessee. The grand jury was in session at the time.

Section 40–402, Tennessee Code, Annotated, provides for the elimination of a preliminary hearing when the grand jury for the county where the offense is charged to have been committed is in session. If the offense charged is bailable, the justice of the peace before whom the arrested person is brought shall not try the case unless the defendant pleads guilty, but shall take bond of the defendant for his appearance before the court in charge of the grand jury pending an investigation of the offense by the grand jury.

Defendant appeared before a judge of the Court of General Sessions of Knox County on March 24, 1960, upon the three state warrants then outstanding. He was represented by an attorney.

Under the provisions of the statute, no preliminary hearing was held. Ap-

pearance bonds were fixed in each case by the judge of the Court of General Sessions and the defendant was held over to the grand jury.

On April 1, 1960, the defendant was indicted in the Criminal Court of Knox County, Tennessee, for three separate offenses of burglary and receiving stolen property.

On May 19, 1960, the defendant, being represented by counsel, entered a plea of guilty in two of the cases and received sentences of three years imprisonment in each case to run concurrently. He entered a plea of not guilty in the third case. Following trial, he was found guilty by a jury. He received a sentence of from three to ten years in the state penitentiary, to begin at the expiration of the sentences in the other two cases. No appeal was taken from these judgments.

Dillard sought a writ of habeas corpus in the Criminal Court of Davidson County in Nashville, Tennessee, which was denied. The ruling was affirmed by the Supreme Court of Tennessee. Dillard then filed in the United States District Court for the Middle District of Tennessee a paper styled "Notice of Appeal from Tennessee State Supreme Court, Nashville, Tennessee," which the District Judge treated as an application for a writ of habeas corpus attacking the validity of the state court judgment on the ground that he was denied a preliminary hearing. The District Judge denied the application, but granted the petitioner-appellant leave to appeal in forma pauperis and also issued a certificate of probable cause.

■ On this appeal appellant, through his court-appointed attorney in this Court, contends that he was denied his constitutional right to due process of law by the denial by the State of Tennessee of a preliminary hearing. Specifically, he claims that the preliminary hearing is a vital part of the protection assured an accused, in that it is at this time that the accused comes before the bar of justice for the first time and is informed of the

evidence against him. He relies upon the general principles of due process as recently stated by the Supreme Court in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, although it is recognized that those cases dealt with the constitutional right to the assistance of counsel, which is not involved in this case, rather than with the right to a preliminary hearing.

■ We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing. On the contrary, we construe the opinions in Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501, and Beavers v. Henkel, 194 U.S. 73, 84–85, 24 S.Ct. 605, 48 L.Ed. 882, as saying that an accused has no such constitutional right. This Court has held that no such constitutional right exists. Boone v. United States, 280 F.2d 911, C.A.6th; United States v. Shields, 291 F.2d 798, 799, C.A.6th, cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, rehearing denied, 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393; Green v. Bomar, 329 F.2d 796, 797, C.A.6th, judgment vacated on other grounds, 379 U.S. 358, 85 S.Ct. 441, 13 L.Ed.2d 541. Rulings to the same effect from other circuits are Moore v. Aderhold, 108 F.2d 729, 731, C.A.10th; McDonald v. Hudspeth, 129 F.2d 196, 199, C.A.10th; cert. denied, 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535, rehearing denied, 317 U.S. 709, 63 S.Ct. 157, 87 L.Ed. 565; Barber v. United States, 142 F.2d 805, 807, C.A.4th, cert. denied, 322 U.S. 741, 64 S.Ct. 1054, 88 L.Ed. 1574; Odell v. Burke, 281 F.2d 782, 786, C.A.7th, cert. denied, 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed. 2d 96, rehearing denied, 372 U.S. 932, 83 S.Ct. 875, 9 L.Ed.2d 736; Barrett v. United States, 270 F.2d 772, 775–776, C.A.8th; Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204; Garrison v. Johnston,

104 F.2d 128, 130, C.A.9th, cert. denied, 308 U.S. 553, 60 S.Ct. 107, 84 L.Ed. 465, rehearing denied, 308 U.S. 636, 60 S.Ct. 137, 84 L.Ed. 529; Vincent v. United States, 337 F.2d 891, 896, C.A.8th. See also: Davis v. State, ex rel. Arwood, 104 Tenn. 553, 58 S.W. 237.

We express our appreciation to Mr. Ronald J. Goodman of the Cincinnati, Ohio, Bar for his representation, under appointment by the Court, of the appellant in this case.

The judgment is affirmed.