Johnny FOSTER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 16027.

United States Court of Appeals
Sixth Circuit.

May 20, 1965.

William H. Van Duzer (Court Appointed), Lansing, Mich., for appellant.

Johnny Foster, in pro. per.

Michael O'N. Barron, Grand Rapids, Mich., George E. Hill, U. S. Atty., Robert G. Quinn, Jr., Asst. U. S. Atty., Grand Rapids, Mich., on brief, for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and PECK, District Judge.

PER CURIAM.

Petitioner-appellant, Johnny Foster, appeals from District Court denial of his petition under 28 U.S.C.A. § 2255 to have vacated a sentence imposed upon him following conviction for the knowing possession and negotiation of a stolen United States Treasury check. In his trial before a jury, he had the assistance of appointed counsel. He was sentenced May 19, 1961. In August of 1961 he filed a petition for writ of error coram nobis, and in January of 1962 he filed a petition for relief under § 2255. The District Judge appointed counsel who represented Foster at a hearing on such petitions, which were heard together and denied by order entered June 7, 1962. The present proceeding was commenced January 2, 1964, and in substance generally repeated the charges made in the first § 2255 proceeding that Foster was illegally arrested and confined, and brutally treated by police officers who coerced his admission of the crime. He also challenged the sufficiency and validity of the evidence upon which he was convicted. The District Judge denied Foster's request for counsel, but conducted a full hearing upon the factual allegations of Foster's petition and resolved such factual issues against him.

We find no error in the District Judge's findings of fact. Moreover, illegal arrest and detention are not grounds for relief under § 2255. United States v. Wagner, 309 F.2d 7 (CA 6,

1962); United States v. Shields, 291 F.2d 798 (CA 6, 1961), cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196 (1961). We have also held that sufficiency of the evidence may not be challenged by a § 2255 petition. Dunn v. United States, 250 F.2d 548 (CA 6, 1957), cert. denied, 356 U.S. 942, 78 S.Ct. 786, 2 L.Ed.2d 816 (1958); United States v. Shields, supra.

█ Petitioner contends that he should have been given the assistance of counsel to process the instant petition. We have previously examined the circumstances in which counsel should be provided for a § 2255 petitioner, Vinson v. United States, 235 F.2d 120, 122 (CA 6, 1956), and we do not consider that the circumstances here involved so required. Foster was represented by counsel both at trial and on his first collateral attack, and the District Judge could properly determine that his renewed petition presented no justification for appointment of counsel. Nor do we believe that the Sixth Amendment has come to require appointment of counsel in every collateral attack upon a criminal conviction. The Supreme Court has of course recognized that while technically civil in character, habeas corpus proceedings (and hence § 2255 proceedings) deal basically with the rights of those charged with crime. Smith v. Bennett, 365 U.S. 708, 712–713, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). And the specific right of an accused to the assistance of counsel has been expanding. E. g., Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This Court and others, however, have recently reaffirmed the rule that the Sixth Amendment does not apply to collateral attacks. E. g., Juelich v. United States, 342 F.2d 29, 31–32 (CA 5, 1965); Baker v. United States, 334 F.2d 444 (CA 8, 1964); Barker v. State of Ohio, 330 F.2d 594 (CA 6, 1964).

Judgment affirmed.