**James J. HAZEL, Petitioner-Appellant,**

**v.**

**UNITED STATES of America,
Respondent-Appellee.**

**No. 16086.**

United States Court of Appeals
Sixth Circuit.

July 23, 1965.

Gene I. Mesh (Court-Appointed), Cincinnati, Ohio, for appellant.

Boyce F. Martin, Jr., U. S. Atty., Louisville, Ky., for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

Appellant, James J. Hazel, appeals from the District Court's denial of his petition under 28 U.S.C.A. § 2255 to have vacated a sentence imposed upon him following his conviction under Section 4742(a) and 4744(a) of Title 26 U.S.C.A. for illegal possession and sale of marijuana. On the trial date the appellant, represented by Court appointed counsel, entered a guilty plea and, having been formerly convicted for the same offense, was given a ten year sentence under the mandatory provisions of Title 26, Section 7237(a) U.S.C.A. Thereafter appellant filed a motion under Section 2255 to have vacated this sentence, his contentions being that he was denied effective assistance of counsel at the time of his arraignment and the entry of the guilty plea aforesaid, and that his plea was not entered voluntarily and understandingly following a determination by the Court in accordance with the mandate of Rule 11 of the Federal Rules of Criminal Procedure.

The Court has reviewed the entire record of these proceedings and finds no conduct on the part of Court appointed counsel at any stage of the same which could be construed as ineffective assistance. Defense counsel was a well qualified and experienced member of the Kentucky Bar and his services in appellant's behalf were at all times quite adequate. O'Malley v. United States, 285 F.2d 733, 734 (C.A. 6, 1961); United States v. Shields, 291 F.2d 798 (C.A. 6), cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed. 2d 196; Perry v. United States, 292 F.2d 476 (C.A. 6), cert. denied, 368 U.S. 906, 82 S.Ct. 187, 7 L.Ed.2d 100; Scott v. United States, 334 F.2d 72 (C.A. 6, 1964), cert. denied, 368 U.S. 879, 82 S.Ct. 128, 7 L.Ed.2d 79. The appellant's contention that the District Judge did not adhere to the mandate of Rule 11 of the Federal Rules of Criminal Procedure is also clearly refuted by the record.

There being no reversible error, it follows the judgment of the District Court dismissing the appellant's petition under Section 2255 herein is affirmed.