No. 77–5757. JARVIS v. UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

In denying certiorari in this case, the Court allows the Second Circuit's "but for" corollary to the exclusionary rule to pass unreviewed, at least for the present. As applied in this case, the Second Circuit rule allows into evidence the fruits of an arrest involving serious constitutional questions, because the court below could envision a set of circumstances in which the arrest might have been carried out constitutionally.

Petitioner was arrested on April 20, 1976, on the authority of a "John Doe" bench warrant. The arresting agents broke down the door of petitioner's home and arrested him in his bed. The trial court approved the arrest on the basis of extrinsic evidence which supplemented the nameless and descriptionless warrant. However, the Second Circuit found the "John Doe" warrant to be invalid, and went on to consider whether the

arrest might otherwise be defended under 18 U. S. C. § 3052, which grants FBI agents authority to make felony arrests based on reasonable suspicion. Observing that *United States v. Watson*, 423 U. S. 411 (1976), left unresolved the constitutionality of probable-cause arrests pursuant to statutory authority effected in a private home without a warrant, the Second Circuit concluded that the facts of this case raised "serious question whether the forcible entry into Jarvis' home without a valid warrant and in the absence of exigent circumstances meets the requirement of the statute or fourth amendment standards of reasonableness." 560 F. 2d 494, 498 (CA2 1977).

Nevertheless, the Second Circuit affirmed the admissibility of photographs, fingerprints, and identifications resulting therefrom, all of which followed petitioner's arrest. Its reasoning was that the agents *could have* legally arrested petitioner on probable cause as he emerged from his home, and, had they done so, all the evidence complained of would then have materialized anyway. "The illegal arrest thus was not a 'but for' cause for the introduction of the evidence appellant seeks to suppress." *Id.*, at 498–499.

This "but for" test presents a substantial question for the proper enforcement of the exclusionary rule. Its origin is dubious,[1] and its use has not been explicitly sanctioned outside of the Second Circuit.[2] Most importantly, it sanctions a *post*

---

[1] *United States v. Galante*, 547 F. 2d 733 (CA2 1976), which the Second Circuit cites as supporting the "but for" test, engaged in speculation in a fashion similar to the court's action in this case, but it also based the holding of admissibility on the interruption of the chain connecting illegal arrest and seizure of evidence by an independent act of the suspect. *Id.*, at 741. In *United States v. Edmons*, 432 F. 2d 577 (CA2 1970), also relied on by the Solicitor General in opposing this petition, the Second Circuit excluded the fruits of "flagrantly illegal arrests," while reserving the question of exclusion after "an arrest made in good faith" but lacking probable cause. *Id.*, at 584.

[2] The Solicitor General relies on only one Circuit case outside of the Second Circuit, *Sutton v. United States*, 267 F. 2d 271 (CA4 1959). The

*hoc* hypothesizing by a court as to what the conditions for an arrest or a search might have been. If a court is satisfied that the Constitution need not have been violated in the conduct of a particular arrest, then, under this rule, evidence derived from the arrest, which in fact violated the Constitution, may be admitted. In short, the exclusionary rule is suspended when constitutional infringements are gratuitous.

The "but for" rule is not a mere application or extension of our cases sustaining the admissibility of evidence arguably the product of a prior constitutional breach. In *Wong Sun* v. *United States,* 371 U. S. 471 (1963), this Court sanctioned the use of evidence possibly stemming from an illegal arrest, where the "connection between the arrest and the [evidence] had 'become so attenuated as to dissipate the taint,'" *id.,* at 491, citing *Nardone* v. *United States,* 308 U. S. 338, 341 (1939). In *Brown* v. *Illinois,* 422 U. S. 590 (1975), we recently reaffirmed that "[i]n order for the causal chain, between the illegal arrest and the statements made subsequent thereto, to be broken, *Wong Sun* requires . . . that the statement . . . be 'sufficiently an act of free will to purge the primary taint.'" *Id.,* at 602. In both cases it was recognized that evidence which would not have arisen "but for" an illegal arrest might still be admitted if, under the facts *as they actually developed,* a break in the chain occurred. But in this case, the Government does not argue that an act of the petitioner's free will intervened to break the causality between arrest and identification. Rather, this case deals in suppositions of how the illegality of the arrest might have been avoided.

The primary rationale for the exclusionary rule is to deter official misconduct. *United States* v. *Calandra,* 414 U. S. 338,

---

defendant there sought to suppress *all* evidence in order to punish the Government for an unreasonably long prearraignment delay. The absence of any causal link between the right infringement and the evidence sought to be suppressed clearly distinguishes *Sutton* from the present case and from the discussion of "but for" causation generally.

347–348 (1974). Evidence that comes to light after official misconduct but not because of it may be introduced. No deterrent purpose is served by excluding it. The Second Circuit rule poses the problem of evidence which comes to light because of official misconduct, but which might well have arisen anyway. It makes the exclusion decision turn not on what events transpired but on what might have transpired. It makes courts not factfinders but fact predictors. As a deterrent, it removes the exclusion sanction from that police misconduct which is gratuitous and avoidable, precisely the type of behavior most in need of deterrence. I believe this Court should give plenary consideration to the interpretation the Second Circuit has given to the exclusionary rule this Court originally fashioned.

I dissent from the denial of certiorari.