972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas E. MALACHI, Defendant-Appellant.
 No. 91-5903.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 18, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-91-75)
 Clifford L. Lee, II, Fayetteville, North Carolina, for Appellant.AT1Margaret Person Currin, United States Attorney, Maura A. Fennelly, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Affirmed.
 Before PHILLIPS, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a hearing before a magistrate judge, Thomas E. Malachi was convicted of driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 (1989), as assimilated by 18 U.S.C. § 13 (1988). The district court affirmed Malachi's conviction. Malachi appeals, contending that his conviction should be dismissed because he was not brought before a magistrate judge for an initial appearance until two months after his arrest and the magistrate judge improperly admitted testimony introduced for the first time on redirect examination. We affirm Malachi's conviction.
 
 
 2
 On May 19, 1991, two military police officers arrested Thomas E. Malachi on the Fort Bragg Military Reservation for driving while intoxicated and brought him to the Provost Marshal's Office for a breathalyzer test. Malachi's blood alcohol level exceeded the legal limit. A police officer read Malachi his Miranda[1] warnings after the breathalyzer test. After completing the necessary paperwork, Malachi was released on his own recognizance. The processing took no more than five hours.
 
 
 3
 Two months later, Malachi was charged by criminal information with driving while impaired in violation of N.C. Gen. Stat. § 20138.1, as assimilated by 18 U.S.C. § 13. After a hearing before a magistrate judge, Malachi was found guilty and ordered to pay a $100 fine and a $25 special assessment. Malachi appealed his conviction to federal district court on the grounds that there was insufficient evidence to support the verdict and that police officers failed to comply with Fed. R. Crim. P. 5 at the time of his arrest. The district court affirmed his conviction, and Malachi timely appealed.
 
 
 4
 A.Failure to Comply with Fed. R. Crim. P. 5
 
 
 5
 Federal Rule of Criminal Procedure 5 provides in part that "[a]n officer ... or any person making an arrest ... shall take the arrested person without unnecessary delay before the nearest available federal magistrate." After his arrest, Malachi was not brought before a magistrate judge before being released on his own recognizance. Malachi did not have an initial appearance before a magistrate judge until two months after his arrest. Malachi contends that this error warrants dismissal of his conviction.
 
 
 6
 At the time Malachi was arrested, Fed. R. Crim. P. 58(b)(2) required a magistrate judge at the initial appearance to inform a defendant charged with a misdemeanor or petty offense of the charge and the maximum penalties for the charge including any restitution or special assessments. Although Malachi was not afforded an initial appearance until two months after his arrest, the district court did not err by concluding that he was not prejudiced by this delay.[2]
 
 
 7
 In addition, assuming that this delay violated Fed. R. Crim. P. 5, Malachi is not entitled to the relief he seeks. In Tarkington v. United States, 194 F.2d 63 (4th Cir. 1952), a convicted robber sought to vacate his sentence on the ground that the officers who arrested him failed to take him to the nearest available commissioner without unreasonable delay as required by Fed. R. Crim. P. 5(a). This Court held that "the mere fact that the accused was detained without being taken before a committing authority with reasonable promptness does not void a conviction based upon competent evidence." Id. at 67. Cf. Sutton v. United States, 267 F.2d 271, 272 (4th Cir. 1959) (evidence obtained independent of violation of Rule 5(a) admissible). Here, the evidence used to convict Malachi, such as the testimony of the arresting officers and the results of the breathalyzer test, was obtained independent of any violation of Rule 5(a). Because this evidence was obtained through lawful means, any violation of Rule 5(a) does not render Malachi's conviction invalid.[3] Accordingly, the delay amounted to harmless error if error at all and does not warrant dismissal of Malachi's conviction.
 
 
 8
 B.Introduction of New Evidence on Redirect Examination
 
 
 9
 During Malachi's trial, the Government called as a witness Sergeant Elkins, one of the arresting officers. On redirect examination, Elkins testified that Malachi had admitted that he had had one or two drinks. Malachi contends that the magistrate judge erred by allowing this testimony because it exceeded the scope of direct and cross examination. Malachi failed to raise this claim when he appealed the magistrate judge's decision to the district court.
 
 
 10
 It is well established that, except in exceptional circumstances, a party may not raise on appeal issues which were not presented below. United States v. The Barge Shamrock, 635 F.2d 1108, 1111 (4th Cir. 1980), cert. denied, 454 U.S. 830 (1981). We find this principle applicable here. We find no exceptional circumstances and, even if the issue were not waived, the district court's ruling was not an abuse of discretion. See United States v. Lopez, 575 F.2d 681, 686 (9th Cir. 1978).
 
 Conclusion
 
 11
 The failure to provide Malachi with a prompt initial appearance before a magistrate judge does not justify vacating his conviction. Furthermore, Malachi waived his right to challenge the admissibility of evidence the Government introduced through redirect examination of a witness, because he failed to assert this claim in the district court. Therefore, we affirm the district court's order affirming Malachi's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Malachi argues that if he had been afforded an initial appearance immediately after his arrest, the magistrate judge could have made an independent determination concerning whether Malachi was intoxicated. However, Rule 5 is designed to provide the defendant with information concerning the charges against him and his rights rather than to make a determination of whether there is probable cause for the charges against the defendant. Furthermore, even if Malachi was entitled to a preliminary examination, the failure to provide it will not result in the vacation of a conviction. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975); United States v. Salliey, 360 F.2d 699 (4th Cir. 1966)
 
 
 [3]
 We find Malachi's reliance on United States v. Osunde, 638 F. Supp. 171 (N.D. Cal. 1986), to be unpersuasive given this Circuit's precedent on the issue