**UNITED STATES of America,**
**Appellee,**

v.

**Sinclair D. SMALL, Appellant.**

**No. 383, Docket 31069.**

United States Court of Appeals
Second Circuit.

Submitted March 23, 1967.

Decided April 14, 1967.

Herbert S. Siegal, New York City, for appellant.

John R. Bartels, Jr., Asst. U. S., Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, John A. Stichter, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE and HAYS, Circuit Judges, DOOLING, District Judge.*

PER CURIAM:

Appellant was convicted on two counts of receiving and concealing narcotics in violation of 21 U.S.C.A. §§ 173 and 174. At trial, narcotics seized at the time of his arrest, and narcotics seized shortly thereafter from his apartment pursuant to a warrant were received in evidence against him.

Upon a pretrial motion, appellant sought to suppress the narcotics. After a hearing, the motion was denied. Appellant claims on appeal that it was error

---

* Sitting by designation, from the Eastern District of New York.

to deny his motion because: (1) the search warrant for his apartment was based on a false affidavit and hence invalid; and (2) there was no probable cause for the arrest.

These claims grow out of a single alleged inconsistency in the testimony of agent Antonelli at the suppression hearing. Antonelli testified that he was first alerted to the activities of appellant by an informant who, in late July of 1965, told Antonelli, among other things, the make, model and license number of appellant's car. Antonelli also testified that he confirmed that information through the New York State Bureau of Motor Vehicles in early August, 1965. On cross examination, it was revealed through an exhibit that the permanent registration for the car bearing that license number was not issued until September 3, 1965.

The search warrant was issued on the affidavit of agent Antonelli, alleging information received: (1) by personal observation; (2) from an informant in November of 1965 (a different informant from the July informant); (3) from the records of Consolidated Edison; and (4) from the files of the F.B.I.

The testimony of agent Antonelli at the suppression hearing established that he personally had observed appellant intermittently during the months of August, September, October, November and December of 1965. The observed activities together with the information received (and subsequently corroborated) from the November informant established probable cause for the arrest.

It is apparent that the alleged inconsistency described above could undermine the warrant and the arrest only by rendering Antonelli totally unbelievable as an affiant and a witness.

Antonelli's credibility was a question for the judges below who observed his testimony. We refuse to say that a single apparent inconsistency will render everything that a witness says unbelievable as a matter of law.

Affirmed.