William CHAPMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 397, Docket 33031.

United States Court of Appeals Second Circuit.

Submitted Feb. 20, 1969.

Decided March 5, 1969.

**12**

———◆———

William Chapman, appellant, pro se.

Abraham D. Sofaer, Charles P. Sifton, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Before CLARK, Associate Justice, Supreme Court of the United States, Retired,* and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

Following a trial below before a judge sitting without a jury appellant moved pursuant to 28 U.S.C. § 2255 for an order vacating a sentence imposed upon him after he had been convicted for having violated 21 U.S.C. §§ 173 and 174. He alleges that the government narcotics agents who testified at the trial committed perjury and that the prosecution knew this; also that certain evidence favorable to the defense was wilfully suppressed. Neither of these claims has merit.

 An agent testified that a named informer introduced him to appellant, and the informer testified that he had not done so. The trier of fact believed the agent and resolved the issue of the credibility of the two witnesses in his favor. The Government had placed the label "Arthur Cooper" on the heroin packets the agents claimed to have purchased from appellant, and an agent's report furnished to the defense was inaccurately entitled "Wallace Chapman" instead of "William Chapman." Wallace Chapman is a brother of William Chapman. The agents testified, however, that appellant, whom they confidently identified as the man whom they had dealt with face to face, sold the heroin to them. The inconsistencies in the government case were fully presented to the trier of fact, were resolved against appellant, and, without

more, of course do not indicate that the agents perjured themselves.

 Appellant walks with a limp and the alleged suppression of evidence related to certain hospital records that appellant claims could show that he, at a time when he had been injured in an auto accident, did not identify himself by using his brother's name although police department records relating thereto which had been relied upon by the prosecution showed that to the police he then had so identified himself. On the chance that this collateral information might assist the defense, the Government while the trial was in progress subpoenaed the hospital records. No witness answered the subpoena and defense counsel rested without objecting to the absence of the records and without requesting an adjournment until a witness should appear with them.

We affirm the order of the district court denying the motion to vacate sentence.

---

* Sitting on the Court of Appeals by designation.