**Fred D. TUCKER, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 19618.**

United States Court of Appeals,
Sixth Circuit.

March 18, 1970.

Fred D. Tucker, in pro. per.

Robert J. Grace, U. S. Atty., Joseph P. Zanglin, Asst. U. S. Atty., Detroit, Mich., on brief for respondent-appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Fred D. Tucker, petitioner-appellant, from an order of the United States District Court for the Eastern District of Michigan, Southern Division, denying his motion under Section 2255, Title 28, U.S.C. to vacate sentence.

The appellant was arrested on January 8, 1968, and was under indictment in Case No. 43177 charging him in count one with conspiring with others to buy and sell heroin in violation of Federal law and in count two with a sale of heroin. He was also under indictment in Case No. 43744 charging him with a separate case of Federal narcotics violation.

Case No. 43177 came to trial on April 2, 1968, and after three days of trial, on April 5th, the appellant through his attorney, advised government counsel that he wished to plead guilty to a lesser offense—purchasing the heroin he was charged with selling in count two. The maximum penalty under the indictment in Case No. 43177 could have been two twenty year consecutive sentences. Under the lesser offense the maximum prison sentence was ten years.

Accordingly, the appellant pleaded guilty to an information in Case No. 43415, charging him with the purchase of a quantity of narcotic drugs in violation of Section 4704(a), Title 26, U.S.C. He signed a waiver of indictment which stated that he was advised of the nature of the charge and of his rights and that he consented to the proceeding by information instead of indictment. He also signed an acknowledgment of information that he had received a copy of the information, understood its contents and that upon a plea of guilty he might be sentenced to pay a fine of $5,000 and to imprisonment for two to ten years or both. He was sentenced to ten years imprisonment. Subsequently indictments

**656**

numbered 43177 and 42744 were dismissed as to the appellant.

The appellant now claims by his motion to vacate and the amendment thereto that his plea of guilty was involuntary because he was mentally incompetent as a result of being in the throes of withdrawal from the use of drugs and that his counsel was incompetent. The district judge denied the motion and its amendment without an evidentiary hearing. We affirm.

■ The fact that the appellant was in continuous custody for approximately three months before trial would cast grave doubt on his claim that he was suffering from the withdrawal of the use of drugs. To dispel this doubt appellant says in his brief that narcotics were readily available in the jail and that he was in fact using drugs throughout his period of incarceration. He also says in his brief that the court,

"* * * chose to ignore the well known fact that it is not only quite possible, but quite easy to procure and obtain narcotics in the Wayne County Jail."

These are pure conclusory statements and in the absence of any allegations in his motion and particularly specific allegations as to how, when and where he obtained narcotics in the jail we would not give them credence.

■ Then too, the fact that in the fourth day of trial after two government witnesses had testified, the appellant offered through his attorney to plead guilty to a lesser offense with an exposure to ten years of imprisonment instead of forty lends credence to the voluntary character of the plea. This is true despite the claim of appellant that it should have cast suspicion on the transaction. The bargaining away of a possible forty year committment for a maximum of ten years is not the act of an incompetent.

The district judge had the appellant under close observation during the four days of trial and as he said,

"The record clearly shows that there was no basis for a hearing at the time of the trial to determine mental competence. The Petitioner intelligently aided his attorney during the trial, communicated with him without difficulty, and had been continuously in custody for a period of three months before trial.

"Nor is there any merit to Petitioner's contention that his attorney was incompetent. Mr. Tucker was represented by an extremely competent and experienced criminal trial lawyer, Mr. Joel Shere, and the record indicates that Mr. Tucker was extremely well represented by this attorney. Lengthy conferences were had between attorney and client throughout the four days of trial and prior to plea."

Affirmed.