**John C. BARNETT, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2541.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 12, 1970.

John C. Barnett, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

█ The movant Mr. John C. Barnett, a prisoner in custody under sentence of this Court, claims the right to be released on the ground,* *inter alia*, that such sentence is subject to collateral attack, 28 U.S.C. § 2255, because the sole basis of his conviction in criminal action no. 6947, infra (fn.), was perjured testimony, which was knowingly used by the prosecuting authorities in order to obtain such conviction. Mooney v. Holohan (1935), 294 U.S. 103, 110, 55 S.Ct. 340, 79 L.Ed. 791, 793. This issue is purely legal in character, so no evidentiary hearing is required. 28 U.S.C. § 2255; Barker v. State of Ohio, C.A. 6th (1964), 330 F.2d 594 [1].

An examination of the pertinent portions of the transcript of the evidence received in the aforenumbered criminal action reveals that the prosecution witness, Mr. James R. Beeler, a special investigator of the (then) alcohol and tobacco tax division, Internal Revenue Service, federal Treasury Department,

obviously in the effort to accredit the hearsay information he had received from an unidentified informant, which provided probable cause for the warrantless arrest of Messrs. Barnett and his codefendant admitted, on the hearing of the defendants' motion to suppress evidence of contraband seized incident to such arrest, that he had previously testified before a United States commissioner that he had received information from such informant on " * * * three * * *" different occasions; while, at such hearing, he testified that he had received such prior information " * * * at least a half-dozen times. * * *"

This inconsistency in the prosecution's case was presented fully to the Court, as the trier of facts on the suppression issue, and was resolved against Mr. Barnett. This does not indicate to the Court that Mr. Beeler perjured himself. Chapman v. United States, C.A.2d (1969), 408 F.2d 11, 12 [1]. Such inconsistency is insufficient to reflect that the material perjured testimony was used knowingly and intentionally by the prosecuting authorities to convict Mr. Barnett. " * * * '[T]rivial conflicts in testimony * * * do not constitute perjury. * * *' United States v. Spadafora, C.A. 7th (1952), 200 F.2d 140 at 142. More than 'immaterial inconsistencies' are required for perjury. Enzor v. United States, 296 F.2d 62, 63 (5th Cir. 1961). * * *" Anderson v. United States, C.A. 7th (1968), 403 F.2d 451, 454 [4], certiorari denied (1969), 394 U.S. 903, 89 S.Ct. 1009, 22 L.Ed.2d 215.

█ There was nothing more in Mr. Beeler's testimony which in any way impeached his credibility. This Court was free to weigh his entire testimony, in the light of the admitted inconsistency,

---

* Mr. Barnett's further claims that his arrest was unlawful and without probable cause, and that his automobile was searched in violation of his rights have been thoroughly investigated and found wanting in merit. United States of America v. John C. Barnett, et al., criminal action no. 6947, this district and division, memorandum opinion and order of October 24, 1967; United States v. Barnett, C.A. 6th (1969), 407 F.2d 1114, certiorari denied (1969), 395 U.S. 907, 89 S.Ct. 1748, 23 L.Ed.2d 219.

**444**

and to give it whatever credibility and weight it was believed it was entitled to receive. The Court now finds that such inconsistency was trivial and concludes that the perjury charge made by Mr. Barnett has not been established. Therefore, it is proper to dismiss the movant's motion to vacate and set aside the judgment in the aforenumbered criminal action, the examination of the trial transcripts having disclosed conclusively that this ground of relief raised by Mr. Barnett lacks merit, and that he is entitled to no relief. 28 U.S.C. § 2255; United States ex rel. Bennett v. Pate, C.A. 7th (1966), 362 F.2d 89, 91 [4].

Judgment will enter, dismissing the motion of Mr. Barnett. Rule 58, Federal Rules of Civil Procedure.