UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert FUENTES, Jr., and Edward J.
Montez, Defendants-Appellants.

No. 29346

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1970.

Rehearing Denied Oct. 23, 1970.

* [1] Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Ruben Montemayor, San Antonio, Tex., for Albert Fuentes, Jr.

G. Bert Smith, Jr., Andrews, Tex., for Edward J. Montez.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., Chief, Criminal Section, Western District of Tex., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

The defendants-appellants, Albert Fuentes, Jr., and Edward J. Montez, were convicted on a two-count indictment of violating 18 U.S.C. § 2, § 201(c) and § 371. The first count charged them with "the corrupt solicitation of and agreement to receive something of value in return for being influenced in the performance of an official act and aiding in and allowing the commission of a fraud on the United States." The second count charged them with bribery "in return for being influenced in the commission of an official act, to wit, approving a Small Business Administration loan."

The indictment arose out of the efforts of Emanuel Salaiz in the spring of 1969 to get an SBA loan of $10,000. Fuentes was one of four special assistants to the Administrator of the Small Business Administration. Montez brought Salaiz and Fuentes together.

Although the SBA had approved Salaiz's application for a loan of $10,000, Fuentes met with Salaiz and told him that the SBA did not want to give him the loan because it would not be sufficient to keep his business from becoming bankrupt. On March 30, 1969, Salaiz, accompanied by Guadeloupe Gonzales, attended a second meeting with Fuentes, Montez, Tom Guardia, and Arthur Del Rose. Salaiz and Gonzales testified that at this meeting Montez informed Salaiz that he could receive a loan of $100,000 if he would incorporate his business and surrender 49 percent of the stock to Montez and Fuentes. Salaiz went to see Rudy Esquivel, an attorney and member of the Advisory Committee of the

SBA, and gave Esquivel an affidavit describing his efforts to get an SBA loan and the proposition that Fuentes and Montez had made to him. Esquivel forwarded a copy of the affidavit to Congressman Henry B. Gonzalez, who read it into the Congressional Record on the floor of the House of Representatives. This speech no doubt triggered the indictment against Montez and Fuentes on May 24, 1969.

Montez and Fuentes now appeal their convictions to this Court. Finding no reversible error in the trial of the case, we affirm the judgment of the district court.

## I.

First, the appellants argue that the indictment under which they were convicted was invalid and should have been quashed because Montez was a member of the grand jury that indicted them.

The appellants' argument misstates the facts. Montez *had been* a member of the grand jury that returned the indictment against the appellants. But *prior to* reconvening the grand jury to hear the charges against the appellants, the district court excused Montez from further services on that grand jury.

The appellants' theory seems to be that because of Montez's prior contact with them, the members of the grand jury were prejudiced against the appellants, or at least that the possibility of prejudice was so great that as a matter of law the indictment can not stand. They can cite no authority for the proposition that Montez's former membership on the grand jury, without more, invalidates the indictment. We are not persuaded of the wisdom or necessity of such a rule. The general rule is that unless the defendant makes a factual showing that the grand jury was biased, the indictment will not be invalidated. Estes v. United States, 5 Cir. 1964, 335 F.2d 609, 613; Castle v. United States, 8 Cir. 1956, 238 F.2d 131, 136; United States v. Remington, 2 Cir. 1951, 191 F.2d 246, 252; United States v. Fujimoto, D.Hawaii, 1952, 102 F.Supp. 890, 896. The appellants here have made no factual showing in the district court or in this Court of actual bias. Thus the district court properly denied their motion to dismiss the indictment.

## II.

Second, the appellants argue that the district court, on its own motion, should have continued the case and insisted upon the presence as a witness of Congressman. Gonzalez.

Congressman Gonzalez was subpoenaed to appear as a witness, but on November 18, 1969, he sent a letter to the court stating his view that he was unable to comply with the subpoena during a session of Congress without the consent of the House of Representatives and that such consent had not been given. The following day, the court—acting upon its belief that a Congressman could be compelled to appear in court at a time when the House was not in voting session—again ordered Congressman Gonzalez to appear as a witness, this time on Saturday, November 22, 1969.

On the appointed day Congressman Gonzalez did not appear; he had not yet been served with the order of the court. Nevertheless, the defendants did not at that time or at any other time thereafter request the court to compel the appearance of Congressman Gonzalez. Neither did they move for a continuance of the trial until the Congressman could be brought into court. In the circumstances we may conclude that the appellants abandoned their efforts to secure the appearance of Congressman Gonzalez and thus are not now entitled to complain of his failure to appear.

The granting of a continuance is a matter within the sound discretion of the trial court. McKissick v. United States, 5 Cir. 1967, 379 F.2d 754, 757; Leino v. United States, 10 Cir. 1964, 338 F.2d 154, 156. In view of the marginal relevance of Congressman Gonzalez's ex-

pected testimony, we can not say that the district court abused its discretion by failing to grant a continuance on its own motion.

### III.

Third, the appellants contend that they were entitled to see all of the testimony in the grand jury proceedings, because the Government had access to all of that testimony.

The decision whether to disclose grand jury testimony is committed to the sound discretion of the trial court. Menendez v. United States, 5 Cir. 1968, 393 F.2d 312, 316. Federal courts have long recognized a policy of maintaining the secrecy of grand jury proceedings. *See* Dennis v. United States, 1966, 384 U.S. 855, 869, 86 S.Ct. 1840, 16 L.Ed.2d 973, 983. Thus the burden is on the appellants to show "a particularized need" for the grand jury testimony that outweighs the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323, 1327. Here, the appellants offer no particularized need for the testimony; indeed, they simply demand the right to inspect the testimony to be able to decide for themselves whether there is anything there of which they can make use.

The district court made an in camera examination of the grand jury testimony and made available to the defendants their own testimony and portions of the testimony of the Government's chief witnesses, Salaiz and Gonzales. This Court specifically approved that procedure in Menendez v. United States, *supra*. In the circumstances the district court's failure to disclose all of the testimony before the grand jury was not an abuse of discretion.

### IV.

The appellants' fourth argument is that there is no substantial evidence to support their convictions. Specifically they claim that the only testimony incriminating them is the perjured testimony of Salaiz and Gonzales. To prove perjury, they point to an alleged inconsistency between Salaiz's testimony before the grand jury and his testimony in the trial of the case. They also allege, without pointing out particulars, that the testimony of Salaiz and Gonzales is conflicting.

From our examination of the record we conclude that there are no substantial conflicts in the testimony of Salaiz and Gonzales; indeed, it appears consistent in all material respects. Moreover, the alleged inconsistency between Salaiz's testimony before the grand jury and his testimony in the trial is, at worst, merely ambiguous. It may not be inconsistent; it is certainly not perjury. *See* Chapman v. United States, 2 Cir. 1969, 408 F.2d 11, 12. In any event, we believe that a single possible inconsistency among pages of testimony should not as a matter of law render the whole of Salaiz's testimony unbelievable. *See* United States v. Small, 2 Cir. 1967, 376 F.2d 257, 258. It is for the jury to determine the credibility of witnesses, and we must sustain the jury's verdict if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, 704; Gilliland v. United States, 5 Cir. 1967, 385 F.2d 912. The fact that a witness's testimony is to a slight degree self-contradictory does not prevent its constituting substantial evidence. United States v. Stirone, 3 Cir. 1962, 311 F.2d 277, 284; Craig v. United States, 9 Cir. 1936, 81 F.2d 816, 828. We hold that substantial evidence supports the convictions.

### V.

The appellant's final two points concern the admissibility of certain evidence and the propriety of certain statements in the prosecuting attorney's jury argument.

They complain of the admission into evidence of statements made by Fuentes in his employment applica-

tion on file with the SBA. All of the evidence complained of, however, was first introduced by Fuentes or Montez, either on cross-examination of Government witnesses or on direct examination of their own witnesses. The Government then explored it on cross-examination of Fuentes or it was received without objection. We are not persuaded that the statements complained of concerned matters outside the permissible scope of cross-examination. In any event, the objection comes too late. "Where no good reason is shown for the failure of appellant's trial counsel to object to the admission of evidence, the objection is deemed to have been waived." Puryear v. United States, 5 Cir. 1967, 378 F.2d 29, 30. See also Rogers v. United States, 5 Cir. 1964, 334 F.2d 83, 86; Teate v. United States, 5 Cir. 1961, 297 F.2d 120, 121. Moreover, the error in the admission of Fuentes's statements, if indeed it was error, cannot be classified as "plain error" under Rule 52(b) of the Federal Rule of Criminal Procedure so as to obviate the necessity of a timely objection.

The appellants complain of the admission into evidence of certain statements made by Montez to Gonzales, as having occurred after the alleged conspiracy. That contention must also fail. They not only did not object to the introduction of Montez's statements, but they also cross-examined Gonzalez concerning the facts relating to the statements. In these circumstances this objection must be deemed to have been waived. See Rogers v. United States, supra.

The same principles govern the appellants' contention that their convictions must be reversed because of supposed improprieties in the prosecuting attorney's jury argument. Since we do not find "plain error" in the prosecuting attorney's jury argument, any supposed impropriety was waived by the appellant's failure to offer a timely objection. See Rotolo v. United States, 5 Cir. 1968, 404 F.2d 316, 317; Sikes v.

United States, 5 Cir. 1960, 279 F.2d 561, 562.

The judgment is affirmed.