John C. BARNETT, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 20788.

United States Court of Appeals, Sixth Circuit.

March 18, 1971.

John C. Barnett, pro se.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant-appellee on brief.

Before CELEBREZZE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the United States District Court, Eastern District of Tennessee of a denial of a motion to vacate sentence filed pursuant to 28 U. S.C. § 2255 (1964).

The Appellant was convicted of possessing and transporting nontax paid whiskey in 1967. His conviction on the "possession" count was affirmed by this Court, United States v. Barnett, 407 F. 2d 1114, cert. denied 395 U.S. 907, 89 S. Ct. 1748, 23 L.Ed.2d 219 (1969). In his motion to vacate sentence pursuant to § 2255, the Appellant contended (1) that his conviction was procured by the knowing use by the prosecution of perjured testimony and (2) that his original arrest and the subsequent search and seizure of his car were violative of his constitutional rights. The District Court dismissed Appellant's motion without a hearing.

■ If there were facts in the record to support the Appellant's allegation of the knowing use by the prosecution of perjured testimony, such facts could be adequate grounds for granting Appellant's motion to vacate sentence. Russell v. United States, 321 F.2d 533 (9th Cir. 1963). In this case, however, the allegations of the Appellant do no more than establish the appearance of inconsistencies in testimony. *See* Chapman v. United States, 408 F.2d 11 (2d Cir. 1969). Further, Appellant's conclusory allegations of perjury are not corroborated by factual evidence upon which a motion to vacate sentence may be based. Tucker v. United States, 423 F.2d 655 (6th Cir. 1970). *See* Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963). Indeed, where as here, Appellant's allegations and conclusions when read in the light of the entire record do not even raise a significant question of fact as to the alleged use of perjured testimony, the District Court need not accord the Appellant a hearing on those allegations. Humphries v. Green, 397 F.2d 67 (6th Cir. 1968); Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964).

■■ As to the issues of the alleged illegality of the arrest of Appellant and of the subsequent search and seizure of Appellant's automobile and its contents, these issues were decided adversely to Appellant in his direct appeal to this

Court from his original trial. 407 F.2d 1114, 1120. Since our decision on appeal, neither new facts nor changes in the judicial conception of fundamental fairness cause us to reconsider our prior holdings. An illegal arrest or detention is not grounds to vacate sentence unless prejudice to Appellant's fair trial can be shown, Foster v. United States, 345 F.2d 675 (6th Cir. 1965). None is alleged here. While the illegality of a search from which evidence is introduced may be the subject of a § 2255 motion, Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), the search in the instant case is lawful under the United States Supreme Court's recently enunciated standards for searches of an automobile. Chambers v. Maroney, 399 U.S. 42, 46–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Affirmed.