762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLAUDE A. MILLER, JR., PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 84-3080
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 ORDER
 
 1
 BEFORE: ENGEL and KEITH, Circuit Judges; and COHN, District Judge.*
 
 
 2
 This federal prisoner appeals from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The petitioner was convicted in federal court in 1981 on his plea of guilty to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a), and was sentenced to two consecutive terms of fifteen years imprisonment.
 
 
 3
 In his present Sec. 2255 motion, petitioner argues that: 1) his pleas of guilty are invalid because they were motivated in part by his having earlier confessed to the crimes against his will and without the advice of counsel; 2) his pleas of guilty are also invalid because he was undergoing the throes of drug-withdrawal at the time of the pleas; 3) the trial court should have ordered a competency hearing; and, 4) he was denied the effective assistance of counsel because counsel did not challenge the confession nor did he request a complete investigation of his case. Upon review of the transcript of petitioner's plea hearing, the district court determined that petitioner did, in fact, enter valid pleas of guilty with the effective assistance of counsel.
 
 
 4
 Upon consideration of the district court record in light of the arguments raised by the parties in their appellate briefs, this Court concludes that the district court properly denied petitioner's motion to vacate for the reasons stated by it. A review of the transcript of the petitioner's plea hearing demonstrably shows that petitioner's pleas were entered knowingly, intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238 (1969); Berry v. Mintzes, 726 F.2d 1142, 1146-1150 (6th Cir.), cert. denied, 104 S.Ct. 3520 (1984). Petitioner was advised and he acknowledged understanding of a veritable litany of constitutional rights which he would be waiving with the entry of his guilty pleas. Both his defense counsel and the prosecutor indicated that they were satisfied petitioner was competent to enter his pleas of guilty. Petitioner disavowed that any promises or threats were made in exchange for his pleas; and, he further stated that no promises or predictions were made regarding his sentence. He answered affirmatively when asked if he, in fact, was guilty of the two charges of bank robbery. Finally, with clarity and candor, petitioner apologized for committing the crimes and for getting involved with drugs; and, furthermore, he acknowledged that he is an intelligent man who will strive to return to school and improve himself. Given this model plea hearing, it is well established that an otherwise valid plea of guilty may not be successfully attacked on the basis that the defendant had already entered a constitutionally infirm confession which he thought would be admitted at his trial. See Parker v. North Carolina, 397 U.S. 742, 396-397 (1970); McMann v. Richardson, 397 U.S. 759, 770 (1970).
 
 
 5
 It is likewise clear that petitioner received competent assistance from counsel. Counsel's possible misjudgment regarding the admissibility of petitioner's confession does not rise to a level of constitutional magnitude. McMann v. Richardson, 397 U.S. at 370-371. The circumstances also show that counsel was not deficient for failing to insist upon a competency hearing as petitioner appeared lucid and comprehensible at his hearing. See Tucker v. United States, 423 F.2d 655 (6th Cir. 1970); Miranda v. United States, 458 F.2d 1179 (2nd Cir.), cert. denied, 409 U.S. 874 (1972); Edwards v. United States, 256 F.2d 707 (D.C. Cir.), cert. denied, 358 U.S. 847 (1958). Petitioner, accordingly, did not receive deficient and prejudicial assistance from counsel. Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir. 1984). The trial court also did not err by not ordering a competency hearing because there was simply no reasonable doubt to question petitioner's ability to consult with his lawyer and to comprehend the proceedings at the hearing. Drope v. Missouri, 420 U.S. 162 (1975); Williams v. Bordenkircher, 696 F.2d 464, 466-67 (6th Cir.), cert. denied, 461 U.S. 916 (1983).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation