802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID THOMAS WALSH, Plaintiff-Appellant
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 85-5539.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1986.
 
 Before: KEITH and MARTIN, Circuit Judges; and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 David Thomas Walsh appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. Walsh and five other defendants were convicted of conspiracy to possess with intent to distribute six hundred pounds of marijuana. Walsh was also convicted of interstate transportation of and concealing a stolen airplane. He was sentenced to concurrent ten-year sentences for these crimes, with a special parole term of three years.
 
 
 2
 Walsh's conviction and sentence were affirmed on direct appeal on April 9, 1984. Walsh then filed a motion to correct an illegal sentence, which was denied by the district court and affirmed on appeal.
 
 
 3
 Walsh alleges several points of error in this appeal of the district court's denial of his motion to vacate. None are persuasive. First, Walsh's claims that go to the illegality of his sentence cannot be collaterally attacked here. Barnett v. United States, 439 F.2d 801 (6th Cir. 1971). At this stage in the proceedings, Walsh must allege jurisdictional or constitutional violations in order to prevail. Davis v. United States, 417 U.S. 333 (1974). We do not believe that the prosecutorial misconduct alleged in this case, even if true, so affected the fundamental fairness of the trial as to rise to the level of a constitutional violation.
 
 
 4
 Walsh claims that the government withheld evidence that the fingerprints found in the stolen plane were not his. The government maintained, and the trial court agree, that the government never received the results of the fingerprint tests, but the defense counsel knew of the negative results before trial. Further, the fingerprint analysis is not necessarily the kind of exculpatory evidence required to be disclosed before trial. United States v. Hemmer, 729 F.2d 10, 14 (1st Cir.), cert. denied, 467 U.S. 1218 (1984).
 
 
 5
 Walsh's attack on the sufficiency of his indictment is not subject to collateral attack absent an allegation that the proof offered at trial varies substantially from the content of the indictment. Costello v. United States, 350 U.S. 359 (1976). Further, this Court has already upheld Walsh's conviction as based on sufficient evidence.
 
 
 6
 Walsh also claims that the district court made various erroneous evidentiary and procedural rulings. All have been upheld on appeal and are not subject to challenge here. Moore v. United States, 598 F.2d 439 (5th Cir. 1979); Barnett v. United States, 439 F.2d 801 (6th Cir. 1971).
 
 
 7
 Walsh's ineffective assistance of counsel claim does not prevail under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 8
 Judgment affirmed.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation