956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven ORBAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2233.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Steven Orban, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Orban was convicted on August 30, 1989, of six counts relating to conspiracy, distribution of cocaine (two counts), manufacture of marijuana, possession of over 100 marijuana plants, and use of a telephone to facilitate a drug crime. At sentencing, the district court determined that the offense conviction on count one was conspiracy to distribute cocaine rather than conspiracy to distribute marijuana and sentenced Orban according to the amount of cocaine involved. Based on an offense level of 18 and a criminal history category of I, Orban was sentenced to five terms of 27 months imprisonment, a minimum term under the guidelines, and to one term of 12 months. All sentences were to run concurrently. In addition, the district court imposed 3 years supervised release, a $2,500 fine, and a $275 special assessment. Judgment was entered December 6, 1989. Orban appealed the denial of his motion to suppress evidence and the inclusion of four ounces of cocaine in the calculation of his base offense level. A panel of this court affirmed his conviction and sentence in a per curiam opinion. See United States v. Orban, Nos. 89-2388/2389 (6th Cir. April 15, 1991).
 
 
 3
 On September 5, 1991, Orban filed a motion to vacate under § 2255, raising two grounds for relief: (1) the district court relied on erroneous information and improperly computed his base offense level because it included the disputed four ounces of cocaine, and (2) the district court failed to consider his potential for rehabilitation under parts 5H and 5K of the sentencing guidelines. In effect, Orban asserts that he should have been entitled to a downward departure. Orban also asserts in the "facts" section of his motion that he did not receive credit for county jail time at a promised rate of two days for each day served. Attached to Orban's motion was a handwritten statement from one of the informants in his case (Minton) supporting Orban's contention that he sold Minton four ounces of marijuana in the fall of 1988 rather than four ounces of cocaine as found by the district court. The district court denied Orban's motion in an order filed October 10, 1991. It found that Minton's statement did not conflict with some of the data relied on by the court in sentencing, and that Orban failed to show why the statement was not produced at his sentencing hearing. The district court further found that consideration of Orban's rehabilitation potential was barred by his failure to raise that issue on direct appeal.
 
 
 4
 On appeal, Orban continues to argue that the calculation of his base offense level was erroneous. Upon review, we affirm the district court's order because Orban has not established a complete miscarriage of justice or proceedings inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 784 (1979); Davis v. Untied States, 417 U.S. 333, 346 (1974).
 
 
 5
 Orban has not raised on appeal the issues concerning his rehabilitation potential and the calculation of his county jail time credit. Accordingly, these issues are considered abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Moreover, a challenge to the computation of a prisoner's sentencing credit is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, not in a motion to vacate sentence. See Cohen v. United States, 593 F.2d 766, 700-71 (6th Cir.1979).
 
 
 6
 The district court properly denied Orban's ground for relief regarding the disputed four ounces of cocaine because that issue was decided adversely to Orban on direct appeal and he has presented no compelling reason to reopen the issue. A § 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances, such as an intervening change in law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam).
 
 
 7
 Accordingly, the district court's order filed October 10, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.