959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel AZOROH, Defendant-Appellant.
 Nos. 91-2074, 91-2075.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges; and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Emmanuel Azoroh, a pro se federal prisoner, appeals a district court's judgment of conviction following a jury verdict for aiding and abetting the possession with intent to distribute approximately 714.2 grams of heroin, and for aiding and abetting the importation into the United States of approximately 714.2 grams of heroin. See 21 U.S.C. §§ 841(a)(1), 952 and 960; and 18 U.S.C. § 2. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Azoroh and a codefendant, Edmund Njemanze, were indicted in July 1990 on the charges described above. They were arrested on June 24, 1990 after entering the United States at Detroit, Michigan on a Greyhound bus from Canada. United States customs officials discovered three packages containing brown powder which tested positive as heroin when they inspected two garment bags belonging to the defendants. Azoroh filed a motion to suppress statements he had made to the customs inspectors, which the district court denied following a hearing. A jury found Azoroh guilty of both counts of the indictment on April 5, 1991. Based upon a total offense level of 30 and a criminal history category of I, Azoroh was sentenced to 97 months imprisonment, 4 years supervised release, and a $100 special assessment. His attorney (who subsequently withdrew from the case at Azoroh's request) filed a notice of appeal from the conviction on August 28, 1991 (Case No. 91-2074) and Azoroh filed a second notice of appeal on September 3, 1991 (Case No. 91-2075). These appeals have been consolidated for decision.
 
 
 4
 On appeal, Azoroh raises six alleged errors in his trial proceedings: (1) his statements were admitted in violation of his Miranda rights, (2) there was insufficient evidence to convict on either count, (3) certain airline tickets should have been excluded, (4) testimony by an agent based upon another agent's notes should have been excluded, (5) a narcotics agent's expert opinion testimony should have been excluded, and (6) the prosecutor was guilty of misconduct. In his pro se brief, Azoroh requests the appointment of counsel. He has filed a motion to supplement the record on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because there was no reversible error in the proceedings and Azoroh waived the issue of insufficient evidence.
 
 
 6
 The trial court did not err in admitting the inculpatory statements made by Azoroh in alleged violation of his Miranda rights. Border interviews are an exception to the Miranda requirements. United States v. Bengivenga, 845 F.2d 593, 599-60 (5th Cir.), cert. denied, 488 U.S. 924 (1988); United States v. Lueck, 678 F.2d 895, 899 (11th Cir.1982). Moreover, the U.S. Customs Service does not need probable cause in order to start a primary or secondary inspection, such as was conducted in Azoroh's case. See United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985). After the heroin was found and Azoroh was placed under arrest, his Miranda rights were read. He refused to waive these rights and requested a lawyer. Azoroh's subsequent inculpatory statements, which tended to confirm his ownership of the bag ("Who's going to repack my bag?" and "You guys know you switched the bags"), were not made in response to any statement made by an inspector and were thus admissible as voluntary statements.
 
 
 7
 Azoroh raises three issues regarding admission of various testimony and evidence by the trial court. A trial court's evidentiary decisions will not normally be reversed absent a clear showing of abuse of discretion. United States v. Hickey, 917 F.2d 901, 904 (6th Cir.1990). A finding of abuse of discretion will be made only where the reviewing court is firmly convinced that a mistake has been made. Schrand v. Federal Pacific Elec. Co., 851 F.2d 152, 157 (6th Cir.1988). We find no error in the district court's rulings concerning the admissibility of the airline tickets, the testimony of agents Marwell and Gie during the suppression hearing, and the expert testimony concerning heroin source cities.
 
 
 8
 Azoroh's complaint of prosecutorial misconduct relates primarily to a pay stub found inside the blue pouch that Azoroh carried on the bus. "To warrant a new trial ... prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Thomas, 728 F.2d 313, 320 (6th Cir.1984). Azoroh's charge does not meet this standard. In a conclusory fashion completely unsupported by any objective facts, Azoroh claims that the prosecutor cut off Njemanze's name from the pay stub and planted it in Azoroh's carry-on pouch in order to link him with the unclaimed garment bag. This theory completely ignores the fact that the prosecutor was not even involved in the case at the time the contents of the blue pouch were examined. Thus, there is absolutely no basis for a finding of prosecutorial misconduct regarding the pay stub.
 
 
 9
 Moreover, insofar as this issue can be interpreted as improper admission into evidence of the pay stub, it is foreclosed by Azoroh's failure to object to its admission at trial. See Fed.R.Evid. 103; American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984).
 
 
 10
 Azoroh also claims that the prosecutor knowingly used perjured testimony during his trial. However, an appellant may not substantiate a perjury charge merely by pointing out apparent inconsistencies in testimony, uncorroborated by factual evidence. Barnett v. United States, 439 F.2d 801, 802 (6th Cir.1971) (per curiam).
 
 
 11
 Finally, Azoroh's failure to move at trial for a judgment of acquittal under Fed.R.Crim.P. 29 constitutes a waiver of his insufficient evidence claim. See United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). In any event, the evidence presented at trial was sufficient to sustain Azoroh's conviction under both counts.
 
 
 12
 Azoroh has failed to establish reversible error in his trial proceedings. Accordingly, his request for the appointment of counsel is denied. The motion to supplement the record is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, U.S. District Judge for the Eastern District of Kentucky, sitting by designation