7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Collins OKONKWO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1266.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 E.D.Mich., No. 92-77298; Gelmore, J.
 E.D.Mich.
 AFFIRMED.
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Collins Okonkwo, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 14, 1990, Okonkwo pleaded guilty, pursuant to a Rule 11 plea agreement, to one count of importing heroin in violation of 21 U.S.C. §§ 952 and 960, and one count of escape in violation of 18 U.S.C. § 751. He was sentenced on November 21, 1990, to 108 months' imprisonment on the heroin count and 60 months (concurrent) on the escape count, and to a total of four years' supervised release. A third count was dismissed at that time. Okonkwo's sentence was affirmed on direct appeal. United States v. Okonkwo, No. 90-2326 (6th Cir.1991) (per curiam).
 
 
 3
 In his present motion to vacate, Okonkwo raises two grounds for relief: (1) the district court erred by denying him a two-level reduction for acceptance of responsibility before he was given the opportunity to exercise his right of allocution, and (2) counsel rendered ineffective assistance at sentencing by allowing the district court to decide this sentencing factor before his allocution and by failing to adequately review his presentence report. The district court denied Okonkwo's motion in an order filed on February 5, 1993. On appeal, Okonkwo continues to argue the merits of his grounds for relief.
 
 
 4
 Upon review, we affirm the district court's order because Okonkwo has not established a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 The issue of the district court's denial of a two-level reduction for acceptance of responsibility was raised and decided in Okonkwo's direct appeal. A § 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances such as an intervening change in law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). There are no exceptional circumstances in this case.
 
 
 6
 In any event, the right of allocution at sentencing is not of constitutional dimension and so its alleged violation is not cognizable in a § 2255 proceeding. Hill v. United States, 368 U.S. 424, 426 (1962).
 
 
 7
 Okonkwo's second ground for relief is meritless because he has satisfied neither prong of the test for ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." Id. This court reviews de novo a question of ineffective assistance of counsel. Sims v. Livesay, 970 F.2d 1575, 1579 (6th Cir.1992). Judicial scrutiny of counsel's performance must be highly deferential. Id. at 1580.
 
 
 8
 Okonkwo has failed to show that counsel's performance fell below the standard of reasonableness because Okonkwo "had no right to address the court at any particular time in the sentencing process, so long as the court gave him the opportunity to speak before it imposed sentence." United States v. Aquilla, 976 F.2d 1044, 1054 (7th Cir.1992). Okonkwo did have that opportunity.
 
 
 9
 Aquilla, like Okonkwo, argued that he was effectively denied his right of allocution because he was unable to address the court until after it had made its finding regarding acceptance of responsibility and he was, thus, unable to influence that decision by his statement and demeanor. The Seventh Circuit rejected this argument, noting that it "ignores that until the court actually imposes sentence, it is free to reevaluate and change its factual findings. If a defendant makes a particularly persuasive allocution, the court could decide that he has accepted responsibility after all." Id. The transcript of the November 19th sentencing hearing shows that counsel forcefully argued in favor of the acceptance of responsibility reduction. The fact that he did not secure for Okonkwo the right to address the court at that time does not constitute deficient performance. It is extremely unlikely, moreover, that an earlier statement by Okonkwo would have swayed the district court in light of the weight it placed upon Okonkwo's escape from custody in reaching its decision.
 
 
 10
 Even if it is assumed that counsel's failure to carefully review the presentence report before the initial sentencing hearing fell below the accepted standard of reasonableness, there was no prejudice. Despite his supposedly cursory review, counsel ably argued in his client's behalf at that hearing and was granted an additional two days in which to review the report before sentence was imposed on November 21, 1992.
 
 
 11
 Accordingly, the district court's order, filed on February 5, 1993 and entered on February 10, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.