12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roberto DOMINGUEZ-PRIETO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5462.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1993.
 
 E.D.Tenn., No. 92-00023, Edgar, J.
 E.D.Tenn.
 AFFIRMED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Roberto Dominguez-Prieto, pro se, appeals a district court order denying his motion to vacate his sentence, filed under 28 U.S.C. Sec. 2255. Dominguez has also moved for leave to proceed in forma pauperis, on appeal. 28 U.S.C. Sec. 1915(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March of 1990, a jury found Dominguez guilty of possession with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. Sec. 841(a)(1) and of violating 18 U.S.C. Sec. 3147 by being found guilty of that offense while on release from federal custody on previous drug charges. Dominguez was sentenced to a total of 365 months in prison. Dominguez filed a direct appeal of this conviction, arguing that the warrantless search of the tractor trailer that he was driving, uncovering over 200 kilograms of cocaine, violated his rights under the Fourth Amendment. This court affirmed the conviction, on appeal. United States v. Dominguez-Prieto, 923 F.2d 464 (6th Cir.), cert. denied, 111 S.Ct. 2063 (1991).
 
 
 3
 On January 13, 1991, Dominguez filed a motion to vacate his sentence under 28 U.S.C. Sec. 2255, alleging the following grounds for relief: 1) his Fourth Amendment rights were violated by the warrantless search which took place at the time of arrest; 2) the district court erred in concluding that Dominguez lacked standing to challenge the search of the truck that he was driving; 3) his due process rights were violated by an indictment that was defective because it contained "false evidence" and because the grand jurors were selected improperly; 4) the jury instructions were improper, because they permitted an inference of knowledge that the drugs were contained within the tractor trailer that Dominguez was driving and because they did not adequately define the "reasonable doubt" standard to convict him; 5) the court erroneously permitted the prosecutor to present to the jury evidence that Dominguez's background contained prior arrests; 6) he was denied a fair trial due to prejudicial pretrial publicity concerning the case; 7) he was denied a fair trial because there was "moral prejudice of the jury"; and 8) Dominguez's Sixth Amendment right to effective assistance of counsel was violated when his counsel "failed to investigate the case."
 
 
 4
 The district court discussed each of these allegations, individually, and dismissed the action, by order entered November 22, 1992. On appeal, Dominguez repeats the allegations set forth in his original motion filed in district court, adding the argument that the district court abused its discretion in denying his motion for a hearing in this case. Dominguez also raises a new issue of an alleged violation of the Speedy Trial Act and argues that he is not collaterally estopped from presenting issues not explicitly considered and denied in his direct appeal.
 
 
 5
 To prevail under Sec. 2255, Dominguez must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Further, the district court need not conduct a hearing on a Sec. 2255 motion to vacate if the files and records of the case conclusively show that a petitioner is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 It is well-established that a collateral challenge, such as this one through a motion filed under Sec. 2255, may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). The Supreme Court has emphasized that, when federal prisoners like Dominguez have had the opportunity to present their federal claims in federal trial and appellate forums, there is no basis for affording such prisoners a preferred status when they seek post conviction relief. Frady, 456 U.S. at 166. Thus, the proper standard for review of the grounds now raised in Dominguez's motion is whether he has shown cause, excusing his failure to raise the issues at trial and on direct appeal, and whether actual prejudice has resulted from the errors of which he complains. Frady, 456 U.S. at 168. Construing his complaint most leniently, this court will give Dominguez the benefit of the doubt and assume that Dominguez has presented cause for his failure to present the current issues in prior proceedings, based on his allegation that his trial and appellate counsel rendered ineffective assistance in violation of his Sixth Amendment rights.
 
 
 7
 However, for the reasons explained by the district court, Dominguez has failed to establish actual prejudice from any alleged errors and, therefore, is not entitled to habeas relief. The most significant questions in this case concern the search and seizure issues. Those issues were fully considered and decided by this court on direct appeal, and Dominguez is precluded from raising those issues again. See Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). Turning to the remaining issues raised by Dominguez in the district court, we conclude that the district court thoroughly analyzed the issues and properly found them to be without merit. The additional claims Dominguez makes on appeal were not presented to the district court in the first instance and need not be reviewed by this court. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 8
 In conclusion, assuming that Dominguez may have set forth cause for failure to present certain issues at trial and in his direct appeal, he has not established any actual prejudice. Thus, he is not entitled to habeas relief. Frady, 456 U.S. at 169.
 
 
 9
 Accordingly, Dominguez's motion for in forma pauperis status is granted for the limited purpose of deciding the merits of his appeal, and the district court's order dismissing his motion to vacate his sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.