37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas Curtis KIMBRO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3446.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McCALLA, District Judge.*
 
 ORDER
 
 2
 Thomas Curtis Kimbro, a pro se federal prisoner, appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Kimbro of two counts of possessing with intent to distribute cocaine base and two counts of carrying a firearm during and in relation to a drug trafficking offense, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c). He was sentenced on December 2, 1988, to a total of 132 months in prison and four years of supervised release. A panel of this court affirmed Kimbro's conviction in an unpublished opinion after finding, inter alia, that the evidence presented at trial was sufficient to support the jury's verdict. United States v. Kimbro, No. 88-4195 (6th Cir. Jan. 12, 1990).
 
 
 4
 In his motion to vacate, Kimbro presented three grounds for relief: (1) testimony relating to his possession of the firearms was inconsistent, (2) his fingerprints were not found on the baggies containing cocaine base or on the firearms, and (3) his trial attorney "didn't do his job because he couldn't get any more money from my family." In support of this last ground for relief, Kimbro contends that pages of his trial transcript were missing and his attorney didn't check into it. The district court denied Kimbro's motion in an opinion and order filed on March 31, 1994. The court noted that Kimbro's first two grounds for relief challenged the sufficiency of the evidence and that the court of appeals had already rejected that issue. It construed Kimbro's third issue as alleging ineffective assistance of counsel, but noted that Kimbro had "utterly failed" to allege facts to support this claim.
 
 
 5
 In a timely appeal, Kimbro argued that drug tests were not conducted to see if he was under the influence of drugs at the time of his arrest, pages were missing from his trial transcript which "could have been in support of my behalf," an officer did not testify that he used a battering ram to gain entrance to one of the crack houses in which Kimbro was found, and the court did not recognize Kimbro's credibility.
 
 
 6
 Upon review, we affirm the district court's order because Kimbro has not shown a fundamental defect in his proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Kimbro has not raised his ineffective assistance of counsel issue on appeal. It is, therefore, considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, this issue is meritless for the reason stated by the district court. We have reviewed Kimbro's trial transcript for the pages he claims are missing and have determined that the transcript is, indeed, complete.
 
 
 8
 Kimbro's remaining arguments on appeal continue to challenge the sufficiency of the evidence presented at trial and the jury's determination of his credibility. The district court correctly found that an issue challenging the sufficiency of the evidence may only be raised on direct appeal; it is not cognizable in a Sec. 2255 motion. See United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). Moreover, Kimbro did argue that the evidence was insufficient in his direct appeal; he may not relitigate in a motion to vacate an issue decided adversely to him on appeal absent an intervening change in the law or unless a redetermination would serve the ends of justice. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). Such is not the case here. Finally, the resolution of credibility questions is left to the jury and an appellate court may not redetermine witness credibility. See United States v. Farley, 2 F.3d 645, 652 (6th Cir.), cert. denied, 114 S.Ct. 649 (1993); Boutros v. Canton Regional Transit Auth., 997 F.2d 198, 202 (6th Cir.1993).
 
 
 9
 Accordingly, the district court's order, entered on March 31, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation