110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Luke SANDERS, Plaintiff-Appellant,
Karen Trudeau, Plaintiff,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-5441.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 James Luke Sanders, a Tennessee citizen proceeding pro se, appeals a district court judgment in favor of the defendant in this diversity action based upon an alleged breach of an insurance policy. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 26, 1993, a residence owned by Sanders was destroyed by fire. Two days later, Sanders notified his insurer, Allstate Insurance Company (Allstate), of the damage and presented a proof of loss in the amount of $43,000. Allstate denied Sanders's claim for several reasons, including its contention that Sanders had committed arson and caused the fire. Karen Trudeau, also a plaintiff in this action, rented the house owned by Sanders and was insured for her personal property under a renter's policy with Allstate. Trudeau's claim for approximately $10,000 was also denied by the defendant. Thereupon, both claimants filed a complaint against Allstate, seeking recovery under the terms of their respective insurance policies. In addition, Sanders claimed that Allstate's refusal to honor his insurance claim constituted bad faith and sought the penalty provided under Tenn.Code Ann. § 56-7-105. In its answer, Allstate continued to assert that the plaintiffs intentionally caused the fire loss and violated the provision of their insurance policies relating to concealment or fraud. On February 3, 1995, the district court dismissed Trudeau's claim for her failure to respond to a previous order that she either obtain new counsel or notify the court of her intent to proceed pro se. Trudeau had previously assigned her claim to Sanders for $7,500, despite a clause in the contract barring such assignments.
 
 
 3
 A jury trial commenced on February 9, 1996. Following testimony, including that of Karen Trudeau, the jury returned a verdict on February 21, 1996, in favor of Allstate. The district court's judgment on the verdict was entered on February 23, 1996. On appeal, Sanders argues that Trudeau committed perjury in her deposition and that only one of the two depositions she gave was brought out in court. Allstate counters in its brief on appeal that Sanders's appeal is frivolous and requests sanctions pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38.
 
 
 4
 Upon review, we affirm the district court's judgment. Sanders does not directly attack the verdict or any of the trial court's rulings. Instead, he merely presents a vague and conclusory allegation that Trudeau committed perjury in one of two pre-trial depositions. However, Sanders failed to include in the record on appeal the relevant excerpts from the transcripts of those depositions and Trudeau's trial testimony as required by Fed.R.App.P. 10(b)(2). If a transcript is unavailable, Fed.R.App.P. 10(c) provides that the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. Despite the permissive "may" in Rule 10(c), if an appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence and a transcript is unavailable, he must follow the procedure set forth in that rule and submit a statement of the evidence. Hawley v. City of Cleveland, 24 F.3d 814, 821 (6th Cir.1994). Sanders has not complied with this rule. For this reason, and because Sanders does not state how the alleged perjury prejudiced his case, this court cannot perform a meaningful review. The failure to comply with Rule 10(c) further amounts to a waiver of Sanders's right to appeal this issue. See Hawley, 24 F.3d at 821; Herndon v. City of Massillon, 638 F.2d 963, 965 (6th Cir.1981).
 
 
 5
 Trudeau testified and was subject to cross-examination regarding any prior inconsistent statements. See Fed.R.Evid. 613. The resolution of credibility questions is left to the jury. See Boutros v. Canton Reg'l Transit Auth., 997 F.2d 198, 202 (6th Cir.1993). Moreover, it is well-settled that an appellant may not substantiate a perjury charge merely by pointing out apparent inconsistencies in testimony uncorroborated by factual evidence. United States v. Lochmondy, 890 F.2d 817, 822-23 (6th Cir.1989); Barnett v. United States, 439 F.2d 801, 802 (6th Cir.1971) (per curiam). Therefore, even if Sanders had identified the inconsistencies in Trudeau's depositions, without corroborating evidence he would still be unable to prevail on appeal.
 
 
 6
 Accordingly, the district court's judgment, entered on February 23, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.